The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00051-CV
_____

**LISA GRANGER, Appellant**

**V.**

**TEXAS DEPARTMENT OF TRANSPORTATION
AND HENRY SAWYER, Appellees**

**On Appeal from the 88th District Court
Tyler County, Texas
Trial Cause No. 22,553**

**MEMORANDUM OPINION**

Relying on her right to appeal, Lisa Granger challenges the trial court's ruling dismissing her case against the Texas Department of Transportation (TXDOT), her former employer, and Henry Sawyer, her former supervisor. In one appellate issue, Granger contends the evidence the trial court considered before dismissing her case reveals that genuine issues of material fact exist, which prevented the trial court from dismissing her case without giving her the benefit of a trial. We hold the evidence

1

the trial court considered before granting TXDOT's and Sawyer's plea to the jurisdiction[1] supports the trial court's ruling dismissing Granger's case. For that reason, we affirm.

Background

TXDOT employed Granger for more than a decade before it fired her in October 2010. When TXDOT terminated Granger, it informed her that she was being terminated because she had taken metal pipe, scrap metal, and other material from TXDOT's Woodville yard. Before TXDOT reached its decision to fire Granger, one of Granger's co-workers reported that Granger had taken TXDOT's property for personal use. While investigating the report, Granger was interviewed; during her interview, Granger admitted that she had taken material owned by TXDOT from TXDOT's yard. TXDOT and Sawyer took Granger's deposition when conducting discovery in her case. In Granger's deposition, she admitted she took metal pipe owned by TXDOT and then gave the pipe to her friend.

---

[1] TXDOT and Sawyer filed a combined plea to the jurisdiction and motion for summary judgment. A plea to the jurisdiction is a dilatory plea that is used to defeat a plaintiff's cause of action without regard to whether the plaintiff's claims have merit, as the plea requires the court to decide whether it has subject matter jurisdiction over the plaintiff's case. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

About four months after Granger was fired, she filed an administrative proceeding with the Texas Workforce Commission alleging that TXDOT had violated the Texas Labor Code by discharging her from her job based on her sex. In the formal charge that Granger filed with the Commission, Granger alleged that TXDOT told her she was being fired for removing "scrap metal from the trash for personal use." According to Granger's formal administrative charge, two male employees participated in the same acts, but neither of those men lost their jobs.

In June 2012, Granger sued TXDOT and Sawyer in a Tyler County District Court. In her Original Petition, Granger alleged that TXDOT and Sawyer had violated article I, section 3 of the Texas Constitution and section 21.051 of the Texas Labor Code. *See* Tex. Const. art. I, § 3a (prohibiting the abridgment of an individual's rights based on a person's sex, race, color, creed or national origin); Tex. Labor Code Ann. § 21.051 (West 2015) (prohibiting discrimination based on race, color, disability, religion, sex, age or national origin). In addition to her claims for monetary relief, Granger included claims for injunctive relief, asking that the trial court reinstate her to her former position in the maintenance department and enjoin TXDOT and Sawyer from violating her constitutional rights. According to Granger's Original Petition, she filed suit within sixty days of receiving a right to sue letter from the Commission. *See* Tex. Labor Code Ann. § 21.254 (West 2015)

3

(creating a sixty-day deadline for filing a civil action after receiving a right to sue letter).[2]

After TXDOT and Sawyer answered Granger's suit, they filed a combined plea to the jurisdiction and motion for summary judgment.[3] In their combined plea,

___

[2] Granger amended her pleadings twice before the trial court dismissed her case. Granger's Third Amended Petition is her live pleading for the purposes of this appeal. In addition to Granger's sexual-discrimination claims, she added a disparate pay and a disparate treatment claim. As to these two claims, Granger alleged that she had worked for TXDOT for sixteen years, and that while working for TXDOT, she was treated differently and paid differently than men holding similar jobs. While the formal charge Granger filed with the Commission fails to mention her disparate pay or disparate treatment claims, her live pleading alleges that she exhausted her administrative remedies on these claims before filing suit.

[3] TXDOT and Sawyer attached several exhibits to their joint motion: (1) the affidavit of Angela Pratt, a TXDOT Human Resources specialist; (2) excerpts from Granger's deposition; (3) the charge of discrimination that Granger filed with the Texas Workforce Commission, Civil Rights Division; (4) a copy of TXDOT's policy on using the Department's property; (5) a memo, signed by Granger in 2002, outlining the guidelines for the Department's policy on the conduct of Department employees; (6) the affidavit of Randall Redmond, the district engineer who had supervisory responsibility over the TXDOT employees involved in the decision to terminate Granger's employment, which addresses why Granger was terminated; (7) an illegible copy of a TXDOT daily activity report for October 14, 2010; (8) TXDOT records addressing an internal audit into a reported October 2010 theft of TXDOT property; (9) the affidavit of Patrick Ryan, Director of Construction for TXDOT, indicating that based on TXDOT's investigation he agreed with the decision of his supervisor, Randall Redmond, to terminate Granger's employment; (10) the affidavit of Henry Sawyer, the maintenance supervisor responsible for managing the activities of the Woodville office, which reveals that in October 2010, he learned that Granger had refused to tell another TXDOT employee what she was planning to do with a dump truck that Granger and another employee were loading with scrap metal; and (11) the affidavit of Lori Morgan, a TXDOT Human Resources

4

TXDOT and Sawyer alleged that Granger had exhausted her administrative remedies solely on her sexual-discrimination-termination claim. According to TXDOT and Sawyer, the formal charge Granger filed with the Commission alleges a single claim, not multiple claims based on a course of conduct that occurred during Granger's career with TXDOT.

Unlike most of Granger's claims, which TXDOT and Sawyer challenged on procedural grounds, TXDOT's and Sawyer's combined plea addressed Granger's sexual-discrimination-termination claim on its merits. In response to Granger's claims that fact issues exist on whether she was fired on the basis of her sex, TXDOT and Sawyer argued that Granger provided the trial court with no evidence supporting her claim. On appeal, TXDOT and Sawyer conclude that TXDOT's decision to terminate Granger resulted from Granger's action violating TXDOT's written policies prohibiting employees from taking State property for personal use.

TXDOT and Sawyer also challenged Granger's claim that she was disciplined more severely than similarly situated males. They provided evidence showing that the three male employees, who Granger claimed were treated more favorably than

Specialist, who stated that Randall Redmond is the person who decided to fire Granger after TXDOT's auditor sent him a report revealing that Granger had misused property owned by the State.

5

she was treated, did not hold a position or engage in conduct similar to hers. For example, the two male employees who Granger pointed to as men holding jobs similar to hers were not supervised by the same TXDOT District Engineer responsible for approving TXDOT's recommendation to fire Granger. The third male employee, who Granger claimed took TXDOT's property, did so at Granger's direction, had worked for TXDOT for less than two years, and was not fired because TXDOT did not have any evidence to show that he took the property for his personal use.

Last, TXDOT's and Sawyer's combined plea addressed why Granger was not entitled to receive equitable relief. According to TXDOT and Sawyer, Granger failed to show that she was terminated after engaging in any constitutionally protected speech.

Granger responded to TXDOT's and Sawyer's combined plea,[4] and she admitted in her response that she was not asserting any claim alleging that TXDOT

---

[4] In support of her response, Granger submitted these documents: (1) her Third Amended Petition; (2) her deposition; (3) the formal charge that she filed with the Texas Workforce Commission, Civil Rights Division; (4) excerpts from her diary; (5) affidavits that she signed; (6) the deposition of a TXDOT construction inspector, Brad Murray; (7) the deposition of Henry Sawyer; (8) the affidavit of a former TXDOT employee, Derek Gray; and (9) the affidavit of another former TXDOT employee, Lynn Clow. TXDOT and Sawyer objected to many of the exhibits Granger submitted with her response. When the trial court dismissed the suit, the order of dismissal includes language granting all the objections that the defendants

and Sawyer had discriminated against her based on her age or her race. Instead, Granger suggested that TXDOT and Sawyer, as shown by the evidence that she included with her response, had violated the Texas Labor Code by discriminating against her based on her sex. Granger concluded that based on the evidence she presented, her claims should not be dismissed.

Granger also addressed TXDOT's and Sawyer's claim that she had failed to exhaust her administrative remedies on her claims. According to Granger, she was not required to allege in the charge she filed with the Commission that TXDOT paid or treated her differently than men because had TXDOT properly investigated her claims, it would have uncovered all the claims she advanced after filing suit. We note that Granger, when responding to TXDOT's and Sawyer's arguments, never argued that she did not take TXDOT's property for personal use. Instead, Granger claims that she was treated more severely than male employees who engaged in

_____

made to the exhibits Granger used to support her response. In this appeal, Granger failed to challenge any of the trial court's rulings granting the defendants' objections to her exhibits. We presume the trial court ruled properly on the various objections to Granger's exhibits, as "an appellate court cannot reverse a trial court's judgment absent properly assigned error." *See Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998). Because the trial court left these rulings unchallenged, we presume they were correct, so the evidence that was the subject of the defendants' objections has been excluded from the evidence we have considered in reviewing Granger's appeal. *Id.*

7

similar conduct because the men she pointed to as the men who engaged in similar conduct were not fired. After considering the combined plea and Granger's response, the trial court granted TXDOT's and Sawyer's combined plea.

## Standard of Review

"A jurisdictional plea may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). When a governmental entity and its employees file pleas to the jurisdiction which challenge the existence of jurisdictional facts and the pleas are supported with evidence, the standard of review used to review the ruling the trial court made on the pleas mirrors the standard used in reviewing rulings that trial courts make on traditional motions for summary judgment. *Id.* at 771. "[I]f the plaintiffs' factual allegations are challenged with supporting evidence necessary to consideration of the plea to the jurisdiction, to avoid dismissal [the plaintiff] must raise at least a genuine issue of material fact to overcome the challenge to the trial court's subject matter jurisdiction." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 221 (Tex. 2004).

"A defendant who conclusively negates at least one of the essential elements of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment." *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex.

2010). In our *de novo* review of the trial court's ruling, we take as true all evidence favorable to the nonmovant, indulging in every reasonable inference and doubt that favors the nonmovant. *See Miranda*, 133 S.W.3d at 228 (explaining the standard as it applies to a plea to the jurisdiction); *see also Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005) (explaining the standard as it applies to a traditional motion for summary judgment). In conducting our review, however, "we cannot disregard evidence necessary to show context, and we cannot disregard evidence and inferences unfavorable to the plaintiff if reasonable jurors could not." *Clark*, 544 S.W.3d at 771. "In reviewing whether a summary judgment was properly granted, we may not consider struck portions of the record because that evidence is not a part of the summary judgment record." *McCollum v. Bank of N.Y. Mellon Trust Co.*, 481 S.W.3d 352, 362 (Tex. App.—El Paso 2015, no pet.); *see also Trudy's Tex. Star, Inc. v. City of Austin*, 307 S.W.3d 894, 898 n.2 (Tex. App.—Austin 2010, no pet.).

## Analysis

In the sole issue Granger raises in her brief, she argues the trial court should have denied TXDOT's and Sawyer's combined plea to the jurisdiction and motion

for summary judgment.[5] According to Granger, the evidence the trial court considered reveals that genuine issues of material fact must be resolved by a jury to determine whether the defendants discriminated against her in ways that violated the Texas Labor Code. *See* Tex. Labor Code Ann. §§ 21.051, 21.055 (West 2015). Granger argues that the Labor Code waives a governmental entity's and its employee's right to rely on immunity to avoid a trial on claims for sexual harassment and retaliation. That said, we note that the waiver of immunity the Labor Code provides applies "only when the plaintiff states a claim for conduct that actually violates the statute." *Clark*, 544 S.W.3d at 770.

In Granger's case, TXDOT and Sawyer attached evidence to their combined plea. When the plea to the jurisdiction requires the trial court to consider evidence, and the evidence shows that the decisions affecting the employee "occurred for legitimate, nondiscriminatory and non-retaliatory reasons, the burden of proof shifts to the plaintiff to show that 'a disputed material fact regarding the jurisdictional issue' exists." *Jefferson Cty. v. Jackson*, 557 S.W.3d 659, 669 (Tex. App.—

---

[5] On appeal, Granger argues that under the Texas Labor Code, she is entitled to injunctive relief. Granger, however, has not complained about the trial court's ruling dismissing her constitutionally based claims for injunctive relief under article I, section 3 of the Texas Constitution. Thus, Granger waived any complaints about the trial court's resolution of those claims because she failed to present any argument challenging that part of the trial court's ruling in her brief. *See* Tex. R. App. P. 47.1; *see also Pat Baker Co.*, 971 S.W.2d at 450.

Beaumont 2018, no pet.) (quoting *Miranda*, 133 S.W.3d at 228). We conclude that TXDOT's and Sawyer's evidence shifted the burden of proof to Granger because their evidence shows that she was terminated for a legitimate, nondiscriminatory and non-retaliatory reason—violating TXDOT's written policy prohibiting employees from taking the State's property for personal use.

To overcome TXDOT's and Sawyer's evidence, Granger must show that her sex served as a "but for" cause of TXDOT's decision to fire her. *See Clark*, 544 S.W.3d at 782 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973)). Additionally, TXDOT and Sawyer produced evidence showing that Granger failed to exhaust her administrative remedies on each of her claims except for her claim alleging that she was fired based on her sex—the only claim that Granger included in the formal charge of discrimination that she filed with the Commission.

Before addressing Granger's sexual-discrimination-termination claim, we address Granger's arguments alleging that she was not required to exhaust her administrative remedies on her other claims seeking damages. A claimant who sues a governmental entity for unlawful discrimination must exhaust her administrative remedies, as failing to do so deprives a trial court of jurisdiction to hear the case. *See*

11

*Jackson*, 557 S.W.3d at 673; *Free v. Granite Publications, L.L.C.*, 555 S.W.3d 376, 379 (Tex. App.—Austin 2018, no pet.).

To overcome TXDOT's and Sawyer's claims that Granger failed to exhaust her administrative remedies, Granger needed to establish that she filed her various claims with the Texas Workforce Commission[6] not less than 180 days after the various unlawful employment practices occurred. *See* Tex. Lab. Code Ann. § 21.202 (West 2015). Generally, under the requirements that apply to unlawful discrimination claims, governmental employees may not sue without first exhausting their administrative remedies. *See Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 513 (Tex. 2012) (explaining that a claimant cannot sue a governmental employer for unlawful discrimination under the Labor Code without complying with the administrative requirements that are in the statute); Tex. Gov't Code Ann. § 311.034 (West 2013) (providing that "[s]tatutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against

---

[6] We note the Texas Workforce Commission authorizes individuals claiming that their employers subjected them to unlawful employment practices to file formal charges on their claims with "an EEOC office." 40 Tex. Admin. Code § 819.41(c) (Westlaw through 43 Tex. Reg. No. 7494) (Tex. Workforce Comm'n, Equal Emp't Opportunity Complaints & Appeals Process). Relying on this administrative regulation, the Texas Supreme Court has suggested that "[a] claimant may file a complaint with either the EEOC, the federal agency authorized to investigate charges of discrimination, or the [Texas Workforce Commission], the Texas equivalent." *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 504 n.4 (Tex. 2012).

12

a governmental entity"). Thus, to obtain the right to sue a governmental employer for an unlawful employment practice, the plaintiff must file a formal charge complaining about the practice before suing a governmental employer who, otherwise, is immune from suit. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 637 (Tex. 2012).

According to TXDOT and Sawyer, Granger's wrongful termination claim asserts a single claim of discriminatory conduct involving TXDOT's decision to fire her. Relying on the language in the formal charge that Granger filed with the Commission, TXDOT and Sawyer argue that the charge does not raise multiple discrimination claims based on conduct that allegedly occurred over the course of Granger's career at TXDOT.

In evaluating the claims covered by the charge she filed with the Texas Workforce Commission, we look to the information the Labor Code requires claimants to include in their formal charge. Section 21.201(c) requires the formal charge to state:

- that an unlawful employment practice has been committed;

- the facts on which the complaint is based, including the date, place, and circumstances of the alleged unlawful employment practice; and

- facts sufficient to enable the commission to identify the respondent.

13

Tex. Labor Code Ann. § 21.201(c) (West 2015).[7] Explaining the crux of the information that a claimant should include in a formal charge of discrimination filed with the Equal Employment Opportunity Commission, a federal appellate court stated: "The crucial element of a charge of discrimination is the factual statement contained therein." *Preston v. Tex. Dep't of Family & Protective Servs.*, 222 F. App'x 353, 357 (5th Cir. 2007) (per curiam). Granger's factual statement claims she was discriminated against by being fired, but it does not allege she was discriminated against in any other ways while working for TXDOT.

Granger argues that had TXDOT adequately investigated her complaint, it would have learned the facts surrounding all her claims. She admits, however, that her various claims occurred over a variety of dates that are unrelated to the dates relevant to her discharge. Granger checked a box on the formal charge indicating that she was claiming that TXDOT had discriminated against her based on her sex, but she left the other boxes on the form unchecked, including a box indicating that

---

[7] During the administrative proceedings, a claimant is entitled to amend her formal charge to allege additional facts about the alleged unlawful employment practices that relate to the employee's complaint, and the dates related to the facts in the charge, as amended, relate back to the date the employee filed her original charge. Tex. Lab. Code Ann. § 21.201(f) (West 2015). Nothing in the appellate record, however, suggests that Granger amended the original charge she filed with the Commission.

14

she was asserting a retaliation claim. Granger also failed to check another box on the form indicating that she was claiming the defendants had engaged in a continuous course of discriminating against her based on her sex.

We conclude that Granger's formal charge contains a single complaint focused on her termination for taking pipe from TXDOT's yard when men who engaged in what she claims constitutes similar conduct were not discharged.[8] Therefore, the factual statement in Granger's charge required TXDOT to investigate whether Granger took pipe from TXDOT's yard for personal use and to investigate whether Granger was disciplined more harshly than others who she claimed committed similar acts. Based on the facts alleged in the charge Granger filed with the Commission, the Commission was not required to investigate any alleged

---

[8] Granger's formal charge of discrimination states:

I. On October 27, 2010, I was terminated from my position with the [TXDOT]. [TXDOT] employs more than 15 employees and is covered by Title VII of the Civil Rights Act of 1964, as amended.

II. The reason given for my termination was that I misused state property when I removed scrap metal from the trash for personal use. I know of two male employees who also committed the same act and neither of them were terminated.

III. I believe I was subjected to discrimination due to my gender, female, in violation of Title VII of the Civil Rights Act of 1964, as amended.

15

disparate pay and disparate treatment claims spanning Granger's sixteen-year career at TXDOT. *See Bexar Cty. v. Gant*, 70 S.W.3d 289, 293 (Tex. App.—San Antonio 2002, pet. denied) (holding that an employee failed to exhaust his remedies on claims he failed to include in the formal charge that he filed with the Texas Commission on Human Rights). Except for Granger's sexual-discrimination-termination claim, we conclude that Granger failed to exhaust her administrative remedies before filing suit. As a result, the trial court did not have jurisdiction over Granger's unexhausted claims. *See Jackson*, 557 S.W.3d at 673; *Free*, 555 S.W.3d at 379.

Next, we address the parties' main arguments, which focus on whether TXDOT fired Granger based on her sex. TXDOT and Sawyer do not argue that Granger failed to properly exhaust her administrative remedies on that claim. To show that TXDOT disciplined Granger more severely than it disciplined male employees who took State property for their personal use, Granger was required to produce evidence showing that her misconduct was nearly identical to the conduct engaged in by male employees the company chose to retain. *See Ysleta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 918 (Tex. 2005).

In her brief, Granger relies on evidence the trial court struck before considering whether her sexual-discrimination-termination claim had merit. In her appeal, Granger failed to challenge the trial court's rulings striking the evidence she

used to support the arguments she relies on in her brief. Thus, the evidence the trial court struck cannot be considered in resolving Granger's appeal. *See McCollum*, 481 S.W.3d at 362; *Trudy's Tex. Star, Inc.*, 307 S.W.3d at 898 n.2.

Without the benefit of the evidence that the trial court excluded, the evidence the defendants presented shows that the male employees Granger pointed to did not engage in conduct that is identical or nearly identical to hers. *See Monarrez*, 177 S.W.3d at 917. Therefore, we conclude the trial court did not err by dismissing Granger's sexual-discrimination-termination claim. Having concluded that Granger failed to state a claim that TXDOT or Sawyer actually violated the Texas Labor Code, we hold that the trial court properly dismissed her case.

## Conclusion

Because Granger failed to meet her burden of proof to show that fact issues existed justifying a trial on her claims, we overrule Granger's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on July 24, 2018
Opinion Delivered December 20, 2018

Before McKeithen, C.J., Kreger and Horton, JJ.