# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00521-CV

**Pat Free, Appellant**

**v.**

**Granite Publications, L.L.C., and Granite Publishing Partners, Inc., Appellees**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT
### NO. A160295C, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING

## O P I N I O N

Pat Free appeals from the trial court's order granting the plea to the jurisdiction of

Granite Publications, L.L.C., and Granite Publishing Partners, Inc. (jointly, Granite) and dismissing

Free's claims for lack of subject matter jurisdiction. Free sued Granite for age discrimination

pursuant to chapter 21 of the Texas Labor Code, commonly known as the Texas Commission on

Human Rights Act (TCHRA).[1] *See generally* Tex. Labor Code §§ 21.001–.556; *see also id.* § 21.051

(Discrimination by Employer). Granite filed a plea to the jurisdiction seeking dismissal of Free's

suit for failure to exhaust administrative remedies, specifically Free's failure to file a charge of

---

[1] In 2004, the Texas Commission on Human Rights (TCHR) was replaced with the Texas Workforce Commission civil rights division (TWC). *See* Tex. Lab. Code § 21.0015. Nonetheless, courts continue to refer to chapter 21 as the Texas Commission on Human Rights Act or TCHRA. *See Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 503 n.1 (Tex. 2012). We likewise refer to chapter 21 as the TCHRA.

discrimination within the 180-day statutory deadline after the alleged unlawful employment practice occurred. *See id.* § 21.202(a). For the reasons that follow, we affirm the trial court's order.

## BACKGROUND

Free was terminated from her employment with Granite on January 15, 2015. On September 24, 2015, she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).[2] In May 2016, Free filed suit against Granite alleging age discrimination under the TCHRA. *See id.* § 21.051(a) (providing in relevant part that discharge on basis of age is unlawful employment practice). Granite filed a plea to the jurisdiction seeking dismissal of Free's claims on the ground that she had failed to exhaust her administrative remedies by failing to file her charge of discrimination within the 180-day deadline set out in section 21.202(a) of the TCHRA. *See id.* § 21.202(a) (providing that complaint must be filed no later than 180th day after date of alleged unlawful employment practice). Free filed a response. After a hearing, the trial court granted Granite's plea to the jurisdiction and dismissed Free's claims for lack of subject matter jurisdiction. This appeal followed.

---

[2] In 1998, in a Worksharing Agreement to be amended annually, the TCHR designated the EEOC as its limited agent for the purpose of receiving charges, and an initial complaint filed with the EEOC is also considered filed with TWC. *Vielma v. Eureka Co.*, 218 F.3d 458, 462–63 (5th Cir. 2000); *Texas Tech Univ. v. Finley*, 223 S.W.3d 510, 513 n.4 (Tex. App.—Amarillo 2006, no pet.). Thus, a claimant may file a complaint with either the EEOC or the TWC. *See* 40 Tex. Admin. Code § 819.41(c) (2017) (Tex. Workforce Comm'n, Filing a Complaint) (providing that complaint may be filed with TWC or with EEOC); *Chatha*, 381 S.W.3d at 504 n.4.

**DISCUSSION**

In two issues, Free argues that the trial court erred in dismissing her claims because the 180-day deadline for filing a charge of discrimination, while mandatory, is not jurisdictional and the trial court therefore did not lack subject matter jurisdiction.[3]  Some courts have expressed uncertainty about whether failure to exhaust administrative remedies under the TCHRA is still treated as a jurisdictional bar to civil suit.  *See, e.g.*, *Alviar v. Macy's, Inc.*, No. 3:16-CV-1633-D, 2017 U.S. Dist. LEXIS 172796, at *6 n.5 (N.D. Tex. Oct. 19, 2017) (reviewing Texas cases that make it "unclear whether, under Texas law, exhaustion of remedies is still treated as 'jurisdictional'" and concluding that it is jurisdictional); *Reid v. SSB Holdings, Inc.*, 506 S.W.3d 140, 143–47 (Tex. App.—Texarkana 2016, pet. denied) (reviewing cases and noting uncertainty but not reaching issue); *Yeh v. Chesloff*, 483 S.W.3d 108, 113 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (observing that there are questions about whether failure to satisfy chapter 21's administrative exhaustion requirement implicates trial court's jurisdiction in suit between private parties).  To place Free's arguments in context, we first review the jurisprudence behind the uncertainty some courts have noted.

For decades prior to 2000, Texas courts followed the rule set out in *Mingus v. Wadley* that statutory prerequisites to suit are mandatory and jurisdictional.  *See Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 510 (Tex. 2012) (reviewing Texas Supreme Court precedent concerning statutory prerequisites and explaining *Mingus*); *Mingus*, 285 S.W. 1084, 1087 (Tex. 1926) (holding that strict compliance with statutory prerequisites was necessary to vest trial court with jurisdiction).

---

[3] Free does not dispute that she failed to file her complaint within the 180-day deadline.

3

The Texas Supreme Court applied this rule to chapter 21 in 1991 when it held that both the 180-day deadline for filing a charge of discrimination, *see* Tex. Lab. Code § 21.202(a), and the two-year deadline for filing suit, *see id.* § 21.256, are jurisdictional. *See Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 486, 487 n.10 (Tex. 1991), *overruled in part by In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 310 (Tex. 2010) (*USAA*). Following *Schroeder*, the Texas Supreme Court again held in 1996 that the 180-day deadline is jurisdictional. *See Johnson & Johnson Med., Inc. v. Sanchez*, 924 S.W.2d 925, 929 n.3 (Tex. 1996); *Specialty Retailers v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996) (per curiam). In 2000, however, in a case involving private parties, the Supreme Court overruled *Mingus* "to the extent that it characterized the plaintiff's failure to establish a statutory prerequisite as jurisdictional." *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000). In doing so, the *Dubai* court noted the "modern direction of policy . . . to reduce the vulnerability of final judgments to attack on the ground that the tribunal lacked subject matter jurisdiction." *Id.*; *see also Chatha*, 381 S.W.3d at 510–11 (reviewing precedent and explaining *Dubai*).

"Because *Dubai* involved private litigants, courts of appeals struggled with its application to cases against governmental defendants, citing the apparent dichotomy [between] *Dubai*'s holding [and] the basic tenets of sovereign immunity and [the Supreme Court's] treatment of the doctrine in statutory causes of action." *Chatha*, 381 S.W.3d at 511. In 2004, the Texas Supreme Court extended its holding in *Dubai* to governmental entities. *See University of Tex. Sw. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 359, 364 (Tex. 2004), *superseded by statute*, Tex. Gov't Code § 311.034. The *Loutzenhiser* court reasoned that because pre-suit notice was not a condition

of the statute's waiver of immunity, failure to provide notice was not a jurisdictional defect. *See id.* at 365; *Chatha*, 381 S.W.3d at 511. In 2005, in response to *Loutzenhiser*, the Legislature amended section 311.034 of the Texas Government Code, entitled Waiver of Sovereign Immunity, to make notice requirements and all other statutory prerequisites to suit jurisdictional as to governmental entities. *See* Tex. Gov't Code § 311.034; *Chatha*, 381 S.W.3d at 511 ("This amendment evinces the Legislature's intent that all statutory prerequisites are now jurisdictional requirements as to governmental entities and are properly asserted in a plea to the jurisdiction.").

In 2010, in a case involving private litigants, the Texas Supreme Court again addressed the statute of limitations under chapter 21. *See USAA*, 307 S.W.3d 299. The *USAA* court reconsidered whether the two-year deadline for filing suit under section 21.256 is jurisdictional in light of its holding in *Dubai* that statutory prerequisites in suits between private litigants are not jurisdictional. *Id.* at 305–10. In evaluating the jurisdictional nature of the statute, the court considered the statutory language, the statute's purpose, and the consequences of each interpretation. *Id.* at 307–10. "In keeping with the statute's language, *Dubai* and subsequent cases, as well as the purposes behind TCHRA and federal interpretations of Title VII," the court concluded that the two-year deadline for filing suit under the TCHRA was not jurisdictional and overruled *Schroeder* to the extent it held to the contrary. *Id.* at 310.[4]

---

[4] After the Texas Supreme Court issued its decision in *USAA*, this Court, sua sponte, withdrew its prior opinion in a case involving a governmental entity and issued a new opinion addressing the Texas Supreme Court's holding in *USAA*. *See Lueck v. State*, 325 S.W.3d 752, 759–60 (Tex. App.—Austin 2010, pet. denied). The Court observed that the Texas Supreme Court "treats the failure to exhaust the TCHRA's administrative remedies as a jurisdictional defect," *id.* at 762, and concluded that "'unless and until the supreme court departs from its view in *Schroeder* that the [TCHRA] requires exhaustion of remedies, we will continue to treat the 180-day

In 2012, the Supreme Court revisited the 180-day deadline for filing a charge of discrimination under section 21.202(a). *See Chatha*, 381 S.W.3d 500. Because the case involved a governmental defendant, the court followed the directive of the Legislature in amended section 311.034 of the Government Code. *Id.* at 514–15. Thus, the court determined that section 21.202(a) is a mandatory statutory prerequisite and held that because Chatha had failed to file her complaint in accordance with section 21.202(a), her suit against the university was jurisdictionally barred. *Id.* Significantly, the court expressly did not decide whether section 21.202 itself, which contains the 180-day deadline for filing a complaint, is jurisdictional. *See id.* at 510 n.15. The dissent in *Chatha* pointed out that in *USAA*, the court had already overruled its decision in *Schroeder* that the two-year deadline for filing suit in chapter 21 is jurisdictional and urged that the court should "put the final nail in *Schroeder*'s statute-of limitations coffin" and overrule its holding in *Schroeder* that the 180-day deadline for filing the complaint is jurisdictional. *Id.* at 519 (Jefferson, J., dissenting). In response to the dissent, the majority emphasized that the defendant was a governmental entity and that its decision was governed by the Legislature's "straightforward mandate" in amended section 311.034 of the Government Code that statutory prerequisites are jurisdictional as to governmental entities. *Id.* at 514–16.

Since *Chatha*, this Court and other courts of appeal have followed its holding that the 180-day deadline is a statutory prerequisite that is jurisdictional in cases involving defendants that

filing requirement as 'mandatory and jurisdictional,'" *id.* at 763 (quoting *Texas Dep't of Protective & Regulatory Servs. v. Lynn*, No. 03-04-00635-CV, 2005 Tex. App. LEXIS 6682, at *14 (Tex. App.—Austin Aug. 19, 2005, pet. denied) (mem. op.) (quoting *Specialty Retailers v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996) (per curiam)).

are governmental entities. *See, e.g.*, *Alamo Cmty. Coll. Dist. v. Ryan*, No. 04-17-00196-CV, 2017 Tex. App. LEXIS 10250, at *5, *11 (Tex. App.—San Antonio Nov. 1, 2017, no pet. h.) (mem. op.) ("Ryan's failure to file a claim with the TWC or EEOC within 180 days deprived the trial court of jurisdiction over Ryan's claims under the TCHRA."); *Texas A&M Univ. v. Starks*, 500 S.W.3d 560, 568 (Tex. App.—Waco 2016, no pet.) ("The timely filing of a complaint [under the TCHRA] is mandatory, and when the defendant is a governmental entity, the failure to timely file is a jurisdictional bar to suit."); *Gilles-Gonzalez v. University of Tex. Sw. Med. Ctr.*, No. 05-16-00078-CV, 2016 Tex. App. LEXIS 7845, at *1, *22 (Tex. App.—Dallas July 22, 2016, no pet.) (mem. op.) ("Because her charge was not filed by 'the 180th day after the date the alleged unlawful employment practice occurred,' Gilles-Gonzalez failed to exhaust her administrative remedies, and the trial court had no jurisdiction of her claim."); *Harris Cty. Hosp. Dist. v. Parker*, 484 S.W.3d 182, 193 (Tex. App.—Houston [14th Dist] 2015, no pet.) ("Because the evidence conclusively establishes that Parker filed his EEOC charge more than 180 days after he was denied promotions, the trial court erred in denying the District's plea to the jurisdiction as to Parker's failure-to-promote claim."); *Austin Indep. Sch. Dist. v. Lofters*, No. 03-14-00071-CV, 2015 Tex. App. LEXIS 3115, at *6–7, *15 (Tex. App.—Austin Apr. 1, 2015, pet. denied) (mem. op.) ("We hold that Lofters's charge of race discrimination was not filed within the 180-day period required by section 21.202(a). The trial court did not have jurisdiction over this claim and erred by denying AISD's plea to the jurisdiction.").

This and other appellate courts also have—without elaboration and without expressly distinguishing between governmental and private defendants—applied the *Schroeder* rule that

7

section 21.202(a)'s 180-day deadline is jurisdictional in suits involving private litigants. *See, e.g.*, *Gladden-Green v. Freescale Semiconductor, Inc.*, No. 03-11-00468-CV, 2013 Tex. App. LEXIS 14168, at *1, *10, *14, *27 (Tex. App.—Austin Nov. 20, 2013, no pet.) (mem. op.) (stating that failure to timely file complaint deprives court of subject matter jurisdiction, concluding that complaint was untimely, and affirming summary judgment in favor of private employer); *ATI Enters., Inc. v. Din*, 413 S.W.3d 247, 251, 254 (Tex. App.—Dallas 2013, no pet.) (concluding that there was no evidence that Din had claimed retaliation in his complaint against private employer and that trial court lacked jurisdiction over that claim); *Floersheim v. Motiva Enters., LLC*, No. 09-12-00229-CV, 2013 Tex. App. LEXIS 3961, at *1–2, *6, *14 (Tex. App.—Beaumont Mar. 28, 2013, no pet.) (mem. op.) (affirming summary judgment in favor of private employer on jurisdictional ground that employee did not timely file complaint); *Williams-Pyro, Inc. v. Barbour*, 408 S.W.3d 467, 470, 475–76 (Tex. App.—El Paso 2013, pet. denied) (citing rule that failure to exhaust administrative remedies under TCHRA, beginning with filing of complaint, deprives court of subject matter jurisdiction and concluding that trial court did not lack jurisdiction where timely complaint was sufficient to put private employer on notice of claim for age discrimination); *Dotson v. TPC Group, Inc.*, No. 01-14-00233-CV, 2015 Tex. App. LEXIS 2385, at *12, 15 (Tex. App.—Houston [1st Dist.] Mar. 12, 2015, no pet.) (mem. op.) (stating generally that "[f]ailure to timely file an administrative complaint deprives Texas trial court of subject-matter jurisdiction" and holding that because Dotson filed complaint against private employer more than 180 days after alleged retaliation, trial court lacked jurisdiction over that claim). *But see Yeh*, 483 S.W.3d at 113 (where trial court denied plea to jurisdiction and case proceeded to trial, framing issue on appeal of

timeliness of complaint as defense to liability, rather than as jurisdictional bar, in light of "questions" raised by *Chatha* "about whether the failure to satisfy Chapter 21's administrative exhaustion requirement implicates trial court jurisdiction in a suit between private parties.")

In this context, then, we return to Free's arguments. Free's briefing reviews the Texas Supreme Court's rulings relevant to this issue, including those in *Mingus*, *Schroeder*, *USAA*, *Dubai*, and *Chatha*. She also cites *Zipes v. Trans World Airlines, Inc.*, in which the U.S. Supreme Court held that filing a timely charge of discrimination under Title VII with the EEOC is not a jurisdictional prerequisite to suit. *See* 455 U.S. 385, 393 (1982). Free argues that while compliance with chapter 21's 180-day deadline was not before the court in *USAA*, the logic and case law the Texas Supreme Court used to overrule *Schroeder* as to the jurisdictional nature of the two-year deadline for filing suit apply equally to the jurisdictional nature of the 180-day deadline. Free urges that this Court follow the reasoning in Chief Justice Jefferson's dissent in *Chatha* and extend the reasoning in *USAA* to the 180-day deadline for filing an administrative complaint, effectively overruling and "put[ting] the final nail in *Schroeder*'s statute-of-limitations coffin." *See Chatha*, 381 SW.3d at 519.

In short, Free asks us to do what the Texas Supreme Court has declined to do. *See Chatha*, 381 S.W.3d at 500 n.15. Because this case does not involve a governmental defendant, the Supreme Court's holding in *Chatha* is not determinative. *See id.* at 514–15. In cases involving private litigants, the Texas Supreme Court's current directive on this issue is contained in *Schroeder*, 813 S.W.2d at 486, and cases following its holding, *see, e.g.*, *Sanchez*, 924 S.W.2d at 929 n.3; *Specialty Retailers*, 933 S.W.2d at 492. Perhaps, as Chief Justice Jefferson predicted in his *Chatha*

9

dissent, some day soon a case will squarely present to the Texas Supreme Court a request to apply the *Schroeder* language to characterize the 180-day deadline as jurisdictional, and perhaps the court will decline to do so. *See Chatha*, 381 S.W.3d at 522 (Jefferson, J., dissenting). Unless and until that occurs, absent a clear holding from the Texas Supreme Court departing from the view stated in *Schroeder*, or a statutory directive from the Legislature, we are bound by existing precedent. *See Lubbock Cty. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002) ("It is not the function of a court of appeals to abrogate or modify established precedent. That function lies solely with [the Texas Supreme] Court." (citations omitted)); *City of New Braunfels v. Stop the Ordinances Please*, 520 S.W.3d 208, 224 (Tex. App.—Austin 2017, pet. filed) ("'[A]s an intermediate appellate court, we are not free to mold Texas law as we see fit but must instead follow the precedents of the Texas Supreme Court unless and until the high court overrules them or the Texas Legislature supersedes them by statute.'" (quoting *Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 565 (Tex. App.—Austin 2004, no pet.))). For now, we are compelled to hold that the district court lacked subject matter jurisdiction over Free's claims. *See Stop the Ordinances*, 520 S.W.3d at 224; *But cf. Chatha*, 381 S.W.3d at 518 (Jefferson, J., dissenting) (observing that failure to comply with statutory requisite generally goes to right to maintain suit and whether plaintiff is entitled to seek relief, as opposed to jurisdiction of court to order relief requested) (quoting *Dubai*, 12 S.W.3d 3d at 76–77). We therefore conclude that the trial court did not err in granting Granite's plea to the jurisdiction. We overrule Free's issues.

10

**CONCLUSION**

Having overruled Free's issues, we affirm the trial court's order granting Granite's plea to the jurisdiction.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Pemberton and Goodwin

Affirmed

Filed:   July 25, 2018