**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 19-10848

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2020

Lyle W. Cayce
Clerk

JOHN HINKLEY; STEVE RICE,

      Plaintiffs - Appellants

v.

ENVOY AIR, INCORPORATED,

      Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas

Before BARKSDALE, HAYNES, and WILLETT, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge.

This action's having been dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) (failure to state claim), at issue are: the action's removal; and jurisdiction over a claim pursuant to Texas Labor Code § 21.051 *et seq.* (barring age discrimination in employment decisions), for which the district court concluded plaintiffs failed to plausibly allege exhaustion of the requisite administrative remedies. AFFIRMED.

I.

Because dismissal was pursuant to Rule 12(b)(6), the facts discussed *infra* are as alleged in the operative first amended complaint. *E.g.*, *Garrett v.*

No. 19-10848

*Commonwealth Mortg. Corp. of Am.*, 938 F.2d 591, 592 n.2 (5th Cir. 1991) (citation omitted).

Envoy hired appellants John Hinkley and Steve Rice (each then over 40 years of age) as trainee pilots in 2017. Both executed agreements with Envoy governing their employment relationship.

Envoy ranked its incoming trainee pilot classes by age. Envoy encouraged older trainee pilots, including appellants, to train on the complex EMB-175 aircraft; but, Envoy's "training process for [that aircraft] was deficient and not fully established". The older trainees were subsequently told they were less likely to become pilots because the EMB-175 was "much harder" to learn than other airframes, and Envoy told appellants they "should just quit" because they were unlikely to pass. Envoy then constructively discharged appellants.

Appellants filed this action on 29 November 2018 in Texas' 451st district court in Kendall County; that county is located in the federal western district. 28 U.S.C. § 124(d)(4). They alleged both disparate treatment and disparate impact based on age, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, and the Texas Labor Code, § 21.051 *et seq.* Envoy answered with a general denial; raised an affirmative defense of lack of administrative exhaustion; and presented counterclaims, asserting appellants breached their employment (letter) agreements by failing to repay signing bonuses after they resigned their positions.

Envoy removed this action, pursuant to 28 U.S.C. § 1441(a), to the northern district of Texas on 7 January 2019, referencing in the notice of removal the letter agreements' forum-selection clauses. These identical clauses:  required "any suit, action or proceeding with respect to th[ese] agreement[s] . . . be brought in the district court of the state of Texas, county of Tarrant, or in the United States District Court for the Northern District of

No. 19-10848

Texas, Fort Worth Division"; and "waive[d] any claim that any such suit, action or proceeding brought in either such court has been brought in an inconvenient forum". Accordingly, Envoy contended the northern district was "the proper venue for removal" pursuant to the general removal statute, 28 U.S.C. § 1441(a). Notably, appellants never moved to remand this action to state court.

On 25 January, Envoy moved to dismiss this action pursuant to Rule 12(b)(6), contending appellants failed to allege they had administratively exhausted their ADEA and Texas Labor Code claims. Following a *sua sponte* order to replead, appellants filed on 21 February the operative first amended complaint, alleging administrative exhaustion. They also added claims for breach of contract and promissory estoppel. (The operative complaint's allegations are asserted on behalf of a putative similarly situated class.)

Envoy countered on 7 March with another Rule 12(b)(6) motion, again contending, *inter alia*, appellants failed to sufficiently plead their ADEA and Texas Labor Code claims' administrative exhaustion. Appellants' 28 March response to the new Rule 12(b)(6) motion, among other things: contended they exhausted their claims by filing a charge with the Texas Workforce Commission (TWC) on 30 November 2018 (which was the day after they filed this action); and attached documents they asserted substantiated that filing.

The court on 2 April 2019 *sua sponte* transferred this action to the western district because it concluded removal to the northern district was "improper". Transfer was pursuant to 28 U.S.C. § 1631 (authorizing transfer to another federal court "if . . . in the interest of justice", after transferor court "finds . . . there is a want of jurisdiction").

On 4 April, Envoy moved, pursuant to 28 U.S.C. § 1404(a) (authorizing, "[f]or the convenience of parties and witnesses, [and] in the interest of justice", transfer of action "to any other district or division where it might have been

3

No. 19-10848

brought or to any district or division to which all parties have consented"), to transfer the action back to the northern district, contending:  the forum-selection clause required at least the counterclaims be litigated in the northern district; and the relevant public and private factors favored the entire action's litigation in that court.

Appellants' 18 April response to the transfer motion asserted, *inter alia*, that Envoy:  waived the forum-selection clause by filing its counterclaims in a forum (the 451st district court in Kendall County) that clause did not permit; should be "estopped from arguing that Kendall County [was] an inconvenient location to have that dispute resolved"; and "c[ould not] complain about the application of either section 1441 or 1631" because it "chose to remove this matter to the wrong forum".  Appellants further contended that, by transferring pursuant to § 1631, the district court for the northern district recognized it lacked jurisdiction over the action because of improper removal.

In a 9 May order, the district court for the western district ruled, *inter alia*:  the forum-selection clause "plainly governed" the counterclaims; whether it also governed the other claims was immaterial because the relevant factors favored transfer of the action under § 1404(a); and the improper removal did not divest the district court for the northern district of jurisdiction, nor was that district an improper venue.  Accordingly, pursuant to § 1404(a), it transferred the action back to the northern district.

The district court for the northern district concluded, *inter alia*, in its 28 June opinion:  appellants failed to plausibly allege administrative exhaustion; and, in any event, they failed to allege a facially neutral policy with a disproportionately adverse effect on employees aged 40 or over.  Accordingly, it dismissed the ADEA (federal question) and Texas Labor Code (supplemental jurisdiction) claims with prejudice; but, it declined to exercise supplemental jurisdiction over the remaining state-law claims, which it remanded to the

No. 19-10848

451st district court.   (The court did not state why it elected to exercise supplemental jurisdiction over the Texas Labor Code claim.)   For compelling alternative reasons, the court denied leave to amend the first amended complaint.

## II.

Although they note the denial of leave to amend, appellants do not expressly contest being denied leave to do so.   And, the potential complexity of this appeal is lessened greatly by appellants' not challenging the following aspects of the district courts' rulings:   the district court for the western district's § 1404(a) transfer back to the northern district; the district court for the northern district's exercising supplemental jurisdiction over their Texas Labor Code claim; and, as decided by the district court for the northern district, their failure to plausibly allege they administratively exhausted their ADEA and Texas Labor Code claims.   Instead, they contend the district court for the northern district erred:   by *sua sponte* transferring this action to the western district instead of remanding it to state court; and, if remand was not required, by dismissing their Texas Labor Code claim with prejudice pursuant to Rule 12(b)(6) instead of without prejudice pursuant to Rule 12(b)(1) (lack of jurisdiction).   Each claim fails.

## A.

The parties focus on the mechanics of a transfer pursuant to § 1631.   In that regard, they contest whether the transferor court must expressly find, as stated in § 1631, transfer to be "in the interest of justice" and whether this transfer was.   *See* 28 U.S.C. § 1631.   As stated, appellants assert the district court for the northern district erred by *sua sponte* transferring the action to the western district.   But, the district court for the western district transferred the action back to the northern district, which then dismissed appellants' claims.

No. 19-10848

This unusual procedural posture raises a more fundamental issue. Article III's "case or controversy" requirement permits federal courts to adjudicate only live disputes—a party must retain a "legally cognizable interest in the outcome" of an issue, or its resolution is moot. *Campanioni v. Barr*, 962 F.2d 461, 464 (5th Cir. 1992) (citation omitted). Along that line, the "central question" is "whether decision of a once[-]living dispute continues to be justified by a sufficient prospect that the decision will have an impact on the parties". 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. & Proc. § 3533 (3d ed. 2020). And, resolution of a particular issue may be moot even if other issues on appeal remain ripe. *See Hill v. Washburne*, 953 F.3d 296, 304, 307 (5th Cir. 2020) (concluding appeal of injunction was moot as to some provisions but not others). In addition, because mootness stems from Article III's "case or controversy" requirement, "[i]n the absence of its being raised by a party, [our] court is obliged to raise the subject of mootness *sua sponte*". *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (per curiam) (citation omitted).

In this instance, whether the district court for the northern district erred in transferring the action to the western district is immaterial. Even assuming *arguendo* it did err, the district court for the western district transferred the action back to the northern district. The parties were, therefore, in the same position as before the district court for the northern district's transfer, mooting whether the district court for the northern district erred by transferring pursuant to § 1631—unless, as appellants contend for the first time on appeal, the now-claimed improper removal (discussed *infra*) divested the district court for the northern district of jurisdiction, requiring remand to state court. (For the same reasons federal courts must raise jurisdictional issues *sua sponte*, this jurisdictional objection "can never be waived" on direct appeal. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).) This claim is without merit.

6

No. 19-10848

Whether jurisdiction exists is reviewed *de novo*. *E.g.*, *Hous. Ref., L.P. v. United Steel, Paper & Forestry, Rubber, Mfg.*, 765 F.3d 396, 400 (5th Cir. 2014) (citation omitted). Generally speaking, defendants may remove an action from state to federal court if federal district courts have "original jurisdiction" over the action. 28 U.S.C. § 1441(a); *S J Assoc. Pathologists, P.L.L.C. v. Cigna Healthcare of Tex., Inc.*, --- F.3d ---, 2020 WL 3634520, at *3 (5th Cir. 6 July 2020) (citation omitted). (As discussed *infra*, the major exception, not relevant here, concerns an action removable "solely on the basis of" diversity jurisdiction and bars removal where any defendant is a citizen of the State in whose courts the action is filed. 28 U.S.C. § 1441(b)(2).) The action is to be removed "to the district court of the United States for the district and division embracing the place where such action is pending". *Id.* § 1441(a).

Removal may be improper, however, for jurisdictional or procedural reasons. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 76–77 (1996). Jurisdictional defects require remand to state court. *Id.* (citations omitted); *see* 28 U.S.C. § 1447(c). And, as noted in part, they may be asserted at any point before a final, non-appealable judgment is rendered. *See, e.g.*, *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004) (citation omitted). (It goes without saying courts are also obliged to raise jurisdictional defects "*sua sponte*, if necessary". *Smith v. Tex. Children's Hosp.*, 172 F.3d 923, 925 (5th Cir. 1999) (citation omitted).)

By contrast, procedural defects require the action's being remanded to state court only if plaintiff files a motion to remand "within 30 days after the filing of the notice of removal under section 1446(a)" (describing removal procedure). 28 U.S.C. § 1447(c). Otherwise, plaintiff waives any objection to the procedural defect, and the action proceeds in federal court, even though removal was procedurally improper. *Resolution Tr. Corp. v. Sonny's Old Land Corp.*, 937 F.2d 128, 131 (5th Cir. 1991).

No. 19-10848

This action was removable under § 1441(a).  The ADEA claim "aris[es] under" federal law and, therefore, satisfies the general grant of federal-question jurisdiction.  *See* 28 U.S.C. § 1331.  Although an action consisting of solely the remaining state-law claims could not be removed to federal court because Envoy is a Texas citizen for jurisdictional purposes, *see* 28 U.S.C. § 1441(b)(2), these claims arise from the same constitutional "case or controversy" as the ADEA claim and, therefore, trigger supplemental jurisdiction.  28 U.S.C. § 1367(a); *see also, e.g.*, *Warren v. Fed. Nat'l Mortg. Ass'n*, 932 F.3d 378, 382 (5th Cir. 2019) (citations omitted).

Removal was nonetheless improper because Envoy filed the notice of removal in the incorrect federal judicial district.  As noted, this action was filed in the Texas 451st district court, located in the federal western district.  28 U.S.C. § 124(d)(4).  By electing to file the notice of removal in the federal northern district, Envoy removed it improperly.

Along that line, and regarding the notice of removal's reliance on the parties' forum-selection clause in the letter agreements, forum-selection clauses requiring suit in particular federal courts are enforced through transfer, not removal.  Section 1441(a) requires removal "to the district court of the United States for the district and division embracing the place where such action is pending".  The statute makes no exception where the parties have agreed to bring actions only in designated federal courts.  *See* 28 U.S.C. § 1441(a).  That said, once an action is removed to the appropriate federal district court, as determined under § 1441(a), a party seeking to enforce the clause may, pursuant to § 1404(a), move to transfer the action to the federal venue the forum-selection clause requires.  *See, e.g.*, *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 59 (2013); *PHI, Inc. v. Apical Indus., Inc.*, 946 F.3d 772, 774 & n.2 (5th Cir. 2020) (discussing transfer due

8

to forum-selection clause after removal).   This motion will "ordinarily" be granted.  *Atl. Marine*, 571 U.S. at 62.

Therefore, had appellants timely filed a motion to remand, the action presumably would have been remanded to state court based on Envoy's having removed to the incorrect judicial district (and the district court for the northern district would not have reached the transfer issue).  But, as stated, appellants did not do so.

Accordingly, the dispositive issue is whether removal to the incorrect federal judicial district, in violation of § 1441(a), is a jurisdictional defect requiring remand to state court, or a procedural error that is waived for appellants' failure to timely move to remand.  In resolving this question, we hold removal to the incorrect judicial district is procedural error and does not divest the district court of jurisdiction over a removed action.  (At first glance, the issue appears to have been resolved in *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 493 n.3 (5th Cir. 1996) ("When a case is removed to the wrong district, the mistake does not require remand and the interest of justice requires that the action be transferred to the district court of proper venue." (citations omitted)).  But, the removal in *S.W.S. Erectors* was to the incorrect *division* of the correct judicial district; our court, therefore, did not reach whether removal to the incorrect *district* is jurisdictional error.  *See* 72 F.3d at 491 ("[T]he district judge granted the motion to remand on the ground of removing to an improper *division*". (emphasis added)).)

*Resolution Trust* is instructive.   There, our court considered a now-repealed statute, 12 U.S.C. § 1441a(l), that:  granted original jurisdiction to federal district courts over actions in which the Resolution Trust Corporation was a party; and permitted that corporation "to remove any case from a state court in which it [was] a named party" to either the district court for the District of Columbia or a district court based on the relevant financial

institution's principal place of business.   937 F.2d at 129–30 (emphasis omitted).   After the corporation removed the action to the eastern district of Louisiana, the other party contended jurisdiction was lacking because the action should have been removed instead to the district court for the District of Columbia.  *Id.* at 130.

Assuming removal to the eastern district was erroneous, our court nonetheless held the removal "provision grant[ed] authority to remove and set[] the venue of the removed case"; it did "not deprive the [district court for the eastern district] of its subject matter jurisdiction".  *Id.* at 130–31.  Along that line, "[t]here [was] no question but that the [district court for the eastern district] was called upon to exercise original jurisdiction in that the case was still at the trial level when removed".  *Id.* at 130.  Accordingly, the other party's "fail[ure] to assert a seasonable objection . . . waived the defect".  *Id.* (citations omitted).

As discussed *supra*, and considering 28 U.S.C. § 1441, our court has held removal to the incorrect *division* of the correct federal judicial district is "procedural, not jurisdictional" error.  *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) (citation omitted); *see S.W.S. Erectors*, 72 F.3d at 491, 493 n.3 (citing *Kreimerman*, 22 F.3d at 644–45).  Again, "there [was] no doubt that the district court had subject matter jurisdiction".  *Kreimerman*, 22 F.3d at 645. (citations omitted).  And, "[t]he existence of such jurisdiction ma[de] th[e] case much more akin to an improper venue situation than to one in which there [was] an actual jurisdictional defect".  *Id.* (citations omitted).  This reasoning applies equally to removal to the incorrect district.

We also find persuasive the eleventh circuit's thorough opinion in *Peterson v. BMI Refractories*, "hold[ing] that failure to comply with the geographic requirements of § 1441(a) is a procedural defect that does not deprive a district court of subject matter jurisdiction in a removed case".  124

F.3d 1386, 1394 (11th Cir. 1997). Supporting its conclusion, that court noted "[t]he Supreme Court has long treated the technical requirements of the federal removal statutes as procedural, not jurisdictional". *Id.* at 1391–93 (citations omitted). And, it found significant that the Court has stated "[s]ection 1441(a) expressly provides that the proper *venue* of a removed action is the district court of the United States for the district and division embracing the place where such action is pending". *Id.* at 1392 (emphasis in original) (internal quotation marks omitted) (quoting *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953)).

Because Envoy's improper removal to the northern district was a procedural error, remand to state court was not required in the absence of a timely motion to remand. *See* 28 U.S.C. § 1447(c); *Belser v. St. Paul Fire & Marine Ins. Co.*, 965 F.2d 5, 8 (5th Cir. 1992) (citations omitted). Accordingly, appellants' challenge to the district court for the northern district's transfer pursuant to § 1631 is moot, given the district court for the western district's transfer back to the northern district.

B.

As stated, appellants do not challenge the district court for the northern district's concluding they failed to plausibly allege administrative exhaustion of their ADEA and Texas Labor Code claims. Instead, they contend only that the dismissal of their Texas Labor Code claim should have been pursuant to Rule 12(b)(1) and, therefore, without prejudice because, in their view, Texas Labor Code § 21.202 strips Texas courts of jurisdiction over unexhausted claims. (Appellants did not ask the district court to alter or amend its judgment, pursuant to Rule 59(e), on this or any basis. Presumably, they present this issue to allow their refiling the Texas Labor Code claim in state court if they succeed on appeal here.)

No. 19-10848

Envoy counters this is an outdated rule that the Texas Supreme Court now rejects. (Appellants' assertion  Envoy should be estopped from making its contention on appeal, because it asserted the opposite in district court, is unavailing.  The district court for the northern district ruled in Envoy's favor; but, contrary to Envoy's assertions, it dismissed with prejudice, not without.  *See, e.g.*, *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2012 (en banc) (requiring for judicial estoppel, *inter alia*, that "a court accepted the prior position" (citations omitted)).)

A dismissal pursuant to Rule 12(b)(6) is reviewed *de novo*.  *E.g.*, *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017) (citation omitted).  And, it hardly seems necessary to note that a federal court must apply the relevant state's substantive law when adjudicating a claim arising under that state's law, but federal procedural law applies.  *E.g.*, *All Plaintiffs v. All Defendants*, 645 F.3d 329, 335 (5th Cir. 2011) (citation omitted).  In that regard, we must "apply state law as it currently exists".  *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 749 (5th Cir. 1995) (citation omitted).

Although the parties do not address the issue, the Texas Labor Code's administrative-exhaustion requirement is substantive because, as discussed *infra*, it is mandatory and, therefore, requires Texas courts to dismiss the Texas Labor Code claim where defendant shows it has not been satisfied.  *See, e.g.*, *Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 110 (1945) ("[I]f a plea of the statute of limitations would bar recovery in a State court, a federal court ought not to afford recovery".); *Odom v. Penske Truck Leasing Co.*, 893 F.3d 739, 743 (10th Cir. 2018) ("[W]hen a state closes its own courthouse doors on a claim it has created, a federal court applying that state's laws may not grant relief on that claim either". (citations omitted)).  Because the parties have not raised the issue, we assume, without deciding, our obligation to follow such substantive state law can limit our jurisdiction to hear a state claim, to the

extent state law bars state courts from doing so. *See, e.g.*, *Jones v. Grinnell Corp.*, 235 F.3d 972, 974 (5th Cir. 2001) ("If a complainant fails to exhaust his state administrative remedies, the Texas [Labor Code] jurisdictionally bars [our] court from hearing the case regardless of equitable and policy concerns." (citations omitted)), *abrogated by Gorman v. Verizon Wireless Tex. L.L.C.*, 753 F.3d 165 (5th Cir. 2014). *But see, e.g.*, *Odom*, 893 F.3d at 742 ("[W]hen a state proscribes its own courts' jurisdiction over particular subject matter, it does not divest the authority of federal courts within its borders. This is because, as an axiom of our federal system, Congress alone defines the lower federal courts' subject-matter jurisdiction." (citations omitted)).

Modeled after Title VII, 42 U.S.C. § 2000e *et seq.*, the Texas Labor Code requires those claiming employment discrimination to file an administrative complaint with the TWC before filing an action in court, *see* Tex. Lab. Code §§ 21.201(a), 21.252(a), 21.254; *Gorman*, 753 F.3d at 169 (noting Texas' "exhaustion of remedies requirement is not expressly required by the [Texas Labor Code] but is inferred by the courts from the [Texas Labor Code's] structure" (citing *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 487 (Tex. 1991), *overruled in part by In re USAA*, 307 S.W.3d 299 (Tex. 2010))). The TWC investigates the administrative complaint "and determine[s] [whether] there is reasonable cause to believe that the [employer] engaged in an unlawful employment practice as alleged in the [administrative] complaint". Tex. Lab. Code § 21.204(a). If the investigation does not find such "reasonable cause", the TWC "issue[s] a written determination . . . and dismiss[es] the [administrative] complaint". *Id.* § 21.205(a). In any event, the administrative complainant may bring a civil action against the employer, provided the complainant complies with applicable statutory requirements. *See Gorman*, 753 F.3d at 169 (citation omitted).

No. 19-10848

One such requirement is § 21.202(a), which provides that the administrative "complaint under this subchapter must be filed not later than the 180th day after the date the alleged unlawful employment practice occurred". The Texas Supreme Court had previously concluded this deadline is "mandatory and jurisdictional". *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996) (per curiam) (citing *Schroeder*, 813 S.W.2d at 485–86). This conclusion relied on older precedent construing all provisions in "statutory cause[s] of action" as necessarily jurisdictional. *See, e.g.*, *Green v. ALCOA*, 760 S.W.2d 378, 380 (Tex. App.—Austin 1988) (citing, *e.g.*, *Mingus v. Wadley*, 285 S.W. 1084, 1087 (Tex. 1926)).

More recently, however, the Texas Supreme Court has abandoned this approach and embraced "the modern direction of policy . . . to reduce the vulnerability of final judgments to attack on the ground that the tribunal lacked subject matter jurisdiction". *Dubai Petrol. Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000) (quoting Restatement (Second) of Judgments § 11 cmt. e (1982)). Recognizing that whether a statutory provision imposes a jurisdictional limit is fundamentally an issue of statutory interpretation, that court now presumes such provisions are *not* jurisdictional, "a presumption overcome only by clear legislative intent to the contrary". *In re USAA*, 307 S.W.3d at 307 (quoting *City of DeSoto v. White*, 288 S.W.3d 389, 394 (Tex. 2009)). And, in making that determination regarding the Texas Labor Code, that court also considers how any analogous provisions in Title VII are construed because, as stated, the Texas Labor Code was modeled on Title VII, and "[o]ne of the [Texas Labor Code's] primary goals . . . is to coordinate state law with federal law in the area of employment discrimination". *Id.* at 308–09 (citation omitted).

Our court has recognized this new regime and applied it to conclude that the Texas Labor Code does not make receipt of a right-to-sue letter a jurisdictional requirement. *Gorman*, 753 F.3d at 169–70. Relying on *In re*

14

*USAA*, our court held:  there was no clear legislative intent that receipt of the right-to-sue letter is a jurisdictional requirement; and receipt of the right-to-sue letter was "not jurisdictional under Title VII".  *Id.* at 169–70.

Applying *In re USAA* and *Gorman*, we conclude § 21.202's 180-day filing deadline, although mandatory, is not jurisdictional.  First considering the text, *see, e.g.*, *Colorado Cty. v. Staff*, 510 S.W.3d 435, 444 (Tex. 2017) (citation omitted), the provision requires any administrative complaint "must be filed not later than the 180th day after the date the alleged unlawful employment practice occurred", Tex. Lab. Code § 21.202(a).  And, "the [TWC] shall dismiss an untimely [administrative] complaint".  *Id.* § 21.202(b).  The use of "must", together with the requirement that the TWC "shall dismiss" untimely administrative complaints, demonstrates the Texas Legislature intended these provisions be mandatory.  *See TJFA, L.P. v. Tex. Comm'n on Envtl. Quality*, 368 S.W.3d 727, 734–35 (Tex. App.—Austin 2012) (explaining, "[i]n general, statutes that use words like 'shall' or 'must' are construed as mandatory", particularly where "statute uses the word 'must' to describe a requirement and also includes a penalty for noncompliance" (citations omitted)).

As the Texas Supreme Court has concluded, however, a provision can be "mandatory but not jurisdictional".  *In re USAA*, 307 S.W.3d at 310.  As in *In re USAA*, nothing in § 21.202's text suggests the failure to file a timely administrative complaint is a jurisdictional barrier.  *See id.* at 308.  Section 21.202's heading, "Statute of Limitations", moreover, matches that of the statute at issue in *In re USAA*.  *See id.* at 307–08.  *In re USAA* explained this heading provided "some indication of the Legislature's intent" to create an affirmative defense, rather than a jurisdictional barrier.  *Id.* at 307–08.  And, as *In re USAA* also discussed, the Texas Government Code explicitly provides that "statutory prerequisites to a suit . . . are jurisdictional requirements in all

suits against a governmental entity", but the Texas Labor Code makes no such provision. *Id.* at 308 (quoting Tex. Gov't Code § 311.034).

For the second consideration the Texas Supreme Court has identified, *id.* at 308–09, plaintiff's complying with Title VII's time period for filing an EEOC charge is not a jurisdictional requirement for a federal court to hear an action pursuant to Title VII, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). This is because Title VII's "entirely separate" jurisdictional provision does not "reference" the "timely-filing requirement", which itself "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts". *Id.* at 393–94; *see In re USAA*, 307 S.W.3d at 309 (citation omitted).

Appellants correctly note this analysis is inconsistent with our court's unpublished decision in *Ajayi v. Walgreen Co.*, 562 F. App'x 243 (5th Cir. 2014) (per curiam), issued approximately one month before *Gorman*. This objection fails for several reasons. It goes without saying that, except in limited circumstances not implicated here, an unpublished decision issued after 1 January 1996 is "not precedent". 5th Cir. R. 47.5.4. Our court's rule of orderliness, moreover, "compels [our] abid[ing] the interpretation of state law pronounced in [published opinions]", *K.P. v. LeBlanc*, 729 F.3d 427, 438 (5th Cir. 2013) (citations omitted), "absent an intervening change in law", *Vaughan v. Anderson Reg'l Med. Ctr.*, 849 F.3d 588, 591 (5th Cir. 2017) (citation omitted). And, most fundamentally, a published opinion controls over an unpublished opinion, regardless of the opinions' timing. *See, e.g.*, *Dick v. Colo. Hous. Enters., L.L.C.*, 872 F.3d 709, 711–12 (5th Cir. 2017) (per curiam) (citation omitted) (rejecting unpublished opinion that conflicted with published opinion).

Since *Gorman*, the Texas Supreme Court has only reinforced *In re USAA*'s stringent standard for determining whether a provision operates as a

jurisdictional bar to suit. *See Tex. Mut. Ins. Co. v. Chicas*, 593 S.W.3d 284, 287–88 (Tex. 2019) (relying on, *inter alia*, *In re USAA* to conclude deadline to seek review of worker's compensation decision not jurisdictional). And, since the unpublished opinion in *Ajayi* was issued, a division of the Texas court of appeals has relied on *In re USAA* to conclude § 21.202 is not jurisdictional. *See Yeh v. Chesloff*, 483 S.W.3d 108, 112–13 (Tex. App.—Houston 2015) (concluding § 21.202 is "defense to liability, rather than a jurisdictional bar" (citations omitted)). *But see Free v. Granite Publ'n, L.L.C.*, 555 S.W.3d 376, 377, 381 (Tex. App.—Austin 2018) (concluding, where plaintiff did not satisfy § 21.202(a), "[f]or now, we are compelled [by *Schroeder*, 813 S.W.2d at 486] to hold that the district court lacked subject matter jurisdiction" (citations omitted)).

Accordingly, we hold that Texas Labor Code § 21.202's 180-day filing requirement is mandatory but not jurisdictional. In the light of this analysis, the district court, after concluding appellants failed to plausibly allege exhaustion of their mandatory administrative remedies, did not err by dismissing pursuant to Rule 12(b)(6). Because such dismissals are ordinarily with prejudice, *see Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 478 n.8 (5th Cir. 1997) (per curiam) (citation omitted), and appellants offer no reasons why this dismissal should be otherwise, *see, e.g.*, *Stroy v. Gibson ex rel. Dep't of Veterans Affairs*, 896 F.3d 693, 698 & n.2 (5th Cir. 2018) (dismissing for failure to exhaust pursuant to Rule 12(b)(6) but without prejudice where, unlike in this instance, plaintiff could still exhaust administrative remedies because failure to exhaust was due to plaintiff's filing suit too early (citation omitted)), the court did not err by dismissing with prejudice.

## III.

For the foregoing reasons, the judgment is AFFIRMED.