**Opinion issued May 6, 2021**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

## NO. 01-20-00082-CV

———————————

## KIM COOGAN, Appellant

## V.

## OFFICE OF THE ATTORNEY GENERAL, Appellee

On Appeal from the 201st District Court
Travis County, Texas[1]
Trial Court Case No. D-1-GN-19-002798

## MEMORANDUM OPINION

---

[1]   The Texas Supreme Court transferred this appeal from the Court of Appeals for the Third District of Texas. *See* TEX. GOV'T CODE § 73.001 (authorizing transfer of cases between courts of appeals). We are unaware of any conflict between the precedent of the Court of Appeals for the Third District and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

Kim Coogan sued Ken Paxton, the Attorney General of Texas, and three other employees of the Office of the Attorney General ("OAG") for age discrimination. About three months later, she filed a notice of nonsuit before serving the defendants with process. Later, she moved to reinstate the case, and the defendants responded to the motion and filed a plea to the jurisdiction based on the lack of service of process and the lack of jurisdiction. The trial court held a hearing on the matter and denied Coogan's motion to reinstate her suit. In two issues, Coogan contends that the trial court abused its discretion by denying her motion to reinstate.

We affirm.

## Background

Coogan was an experienced, board-certified attorney who worked as an Assistant Attorney General for the OAG. The OAG terminated her employment, and Coogan filed a charge of discrimination with the Texas Workforce Commission (TWC) on June 19, 2017.

Nearly two years later, on May 21, 2019, Coogan, representing herself, sued Ken Paxton in his official capacity and three other employees of the OAG in their individual capacities. She alleged age discrimination in violation of Chapter 21 of the Labor Code[2] and 42 U.S.C. § 1983. This lawsuit is the subject of this appeal.

---

[2] TEX. LAB. CODE § 21.051.

The next month, Coogan, represented by counsel, filed a second suit. She sued the OAG instead of the individual defendants in another court.

Although she did not serve the individual defendants with process, Coogan, still *pro se*, filed a notice of nonsuit in the first suit on August 6, 2019. About two months after filing the nonsuit, Coogan then moved to reinstate the first lawsuit. She asserted that the trial court never entered an order on her notice of nonsuit, and thus it retained plenary jurisdiction. She also asserted that reinstatement of the lawsuit was in the "best interest of efficiency of justice." She did not attach any evidence to her motion.

The individual defendants responded to Coogan's motion to reinstate and filed a plea to the jurisdiction. They argued that they never made an appearance in the case because Coogan never served them with process. They also argued that the trial court lacked jurisdiction because Coogan sued after the two-year limitations period under Section 21.256 of the Texas Labor Code had expired.

Following a hearing on Coogan's motion, the trial court signed an order denying the motion without stating the grounds.[3]

Coogan appealed.

---

[3] We assume without deciding that the trial court signed the order denying Coogan's motion to reinstate within its plenary power. *See In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997) (per curiam).

**Reinstatement**

In two issues, Coogan challenges the trial court's denial of her motion to reinstate her first lawsuit against the individual defendants because she established good cause for reinstatement and the trial court had dominant jurisdiction.

In response, the appellants contend that the trial court properly denied Coogan's motion to reinstate because Coogan failed to file the suit and serve the appellants within the statutory two-year limit, depriving the trial court of jurisdiction.

## A. Standard of review

We review an order denying a motion to reinstate for an abuse of discretion. *See Smith v. Babcock & Wilcox Const. Co., Inc.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam); *Enriquez v. Livingston*, 400 S.W.3d 610, 614 (Tex. App.—Austin 2013, pet. denied) (op. on reh'g). A trial court abuses its discretion "when it acts arbitrarily, unreasonably, or without reference to legal principles." *Berkel & Co. Contractors, Inc. v. Lee*, 612 S.W.3d 280, 287 (Tex. 2020).

## B. Applicable law

Under Texas Rule of Civil Procedure 162, a plaintiff may take a nonsuit at any time before introducing all evidence other than rebuttal evidence. TEX. R. CIV. P. 162. Once a plaintiff has served a Rule 162 notice, a court need do nothing further. *See id.*; *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex. 1982) (per curiam).

"A nonsuit terminates a case 'from the moment the motion is filed.'" *Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011) (quoting *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010)).

If a plaintiff takes a nonsuit, then the trial court may reinstate the voluntarily dismissed action "upon the filing of a timely motion by plaintiff." *McClendon v. State Farm Mut. Auto. Ins. Co.*, 796 S.W.2d 229, 233 (Tex. App.—El Paso 1990, writ denied). The plaintiff moving for reinstatement bears the burden to produce evidence supporting the motion. *See generally Keough v. Cyrus USA, Inc.*, 204 S.W.3d 1, 3 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (op. on reh'g) (explaining reinstatement proponent's burden under Rule 165a).

## C.    Analysis

Coogan terminated her lawsuit against the appellants when she filed her notice of nonsuit. See *Epps*, 351 S.W.3d at 868. Coogan asserts that she had no intent of dismissing her lawsuit when she nonsuited the case. Her reason for nonsuiting the case was to "simplify the judicial process." Assuming the trial court accepted her reason to reinstate the case, reinstatement of the case would not have promoted judicial efficiency. Rather, it would have caused two nearly identical age-discrimination suits to remain pending in two separate courts against different parties. Even if the trial court credited Coogan, she does not address appellants' lack of jurisdiction or lack of service arguments.

Under Chapter 21 of the Texas Labor Code, a person may sue her state agency employer if she exhausts three administrative remedies before suing. *See* TEX. LAB. CODE §§ 21.201–21.262; *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 513–14 (Tex. 2012). One requirement is that the person must sue no later than two years after filing the complaint with the TWC. TEX. LAB. CODE § 21.256. A plaintiff's failure to exhaust all three administrative remedies deprives a trial court of jurisdiction. *See Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 446 (Tex. 2004); *Lueck v. State*, 325 S.W.3d 752, 762 (Tex. App.—Austin 2010, pet. denied).

Coogan filed a complaint with the TWC on June 19, 2017, and the statute of limitations for her claim for age discrimination expired on June 19, 2019. Coogan sued appellants on May 21, 2019, about one month before the limitations period would expire. But the "mere filing of a lawsuit is not sufficient to meet the requirements of 'bringing suit' within the limitations period; rather, a plaintiff must *both* file her action *and*" serve the defendant with process. *Tarrant Cnty. v. Vandigriff*, 71 S.W.3d 921, 924 (Tex. App.—Fort Worth 2002, pet. denied) (emphasis in original). At the hearing on her reinstatement motion, Coogan admitted that she had served no defendant. The trial court therefore lacked subject matter jurisdiction because Coogan did not file and serve her age discrimination lawsuit within the two-year limitations period. *See Tex. Dep't of Aging & Disability Servs.*

*v. Lagunas*, 546 S.W.3d 239, 248 (Tex. App.—El Paso 2017, no pet.) ("The failure to meet that deadline denies jurisdiction to the trial court to hear the case.").

Because Coogan's age-discrimination claims are barred by the statute of limitations, we conclude that the trial court did not abuse its discretion in denying Coogan's motion to reinstate. *See Free v. Granite Publications, L.L.C.*, 555 S.W.3d 376, 381 (Tex. App.—Austin 2018, no pet.) (trial court did not err by granting employer's plea to the jurisdiction because of employee's failure to exhaust all administrative remedies). We overrule Coogan's issues.

## Conclusion

We affirm.


Sarah Beth Landau
Justice

Panel consists of Justices Kelly, Landau, and Guerra.