# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2021

Lyle W. Cayce
Clerk

No. 20-10314
Summary Calendar

Bryan Wallace Wilder,

*Plaintiff—Appellant*,

Elizabeth M. Wilder,

*Third Party Defendant—Appellant*,

*versus*

Caliber Home Loans, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:18-CV-3010

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:[*]

Bryan and Elizabeth Wilder appeal, *pro se*, a summary judgment that

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10314

(1) dismissed their claim that the procedure for expedited nonjudicial fore-closure under Texas Rule of Civil Procedure 736 violates state law and is un-constitutional and (2) granted a declaratory judgment, requested in a counterclaim by Caliber Home Loans, Inc. ("Caliber"), allowing Caliber to fore-close on property secured by a mortgage note on which the Wilders had defaulted. *See* TEX. R. CIV. P. 736.1 *et seq.* We have jurisdiction over Elizabeth Wilder's appeal. *See* FED. R. APP. P. 3(c)(2).

We first reject the Wilders' conclusional assertion that the district court improperly allowed Caliber to file a third-party claim against Elizabeth Wilder and a counterclaim (collectively, the "Counterclaim"). Leave to file was properly granted under the liberal standard of Federal Rule of Civil Procedure 15(a)(2).

Further, supplemental jurisdiction existed under 28 U.S.C. § 1367 because original jurisdiction was based on the Wilders' federal constitutional claim and because that claim—which sought to thwart foreclosure under Rule 736.11—and the Counterclaim seeking that foreclosure arose from the same nucleus of operative facts. *See* § 1367; *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 549 (5th Cir. 2020). The district court did not abuse its discretion to exercise that supplemental jurisdiction under § 1367(c) and "based on considerations of judicial economy, convenience, fairness, and com-ity," *Cinel v. Connick*, 15 F.3d 1338, 1344 (5th Cir. 1994), and to guard against forum manipulation, *see Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).

In so ruling, we reject the Wilders' repetitive, conclusional, ill-informed, or irrelevant assertions that the Counterclaim was not "germane" to their challenge to Rule 736, that there was no diversity or federal question jurisdiction over the Counterclaim itself, and that Caliber lacks "standing" to defend the validity of Rule 736 because only the State of Texas may do so

2

No. 20-10314

after the question is certified to the Texas Supreme Court.

The Wilders offer only conclusional assertions, unsupported by any relevant authority, that Rule 736 violates Article XVI, § 50 of the Texas Constitution or the procedural rule-making power of the Texas Supreme Court under Texas Government Code § 22.004. Their equal protection argument likewise fails because they do not allege intentional discrimination against "because of membership in a protected class" or that they have been "intentionally treated differently from others similarly situated." *Gibson v. Texas Dep't of Ins.—Div. of Workers' Comp.*, 700 F.3d 227, 238 (5th Cir. 2012).

As to the Wilders' allegation that Rule 736 denies them due process, they merely recite general legal principles under the Fifth and Fourteenth Amendments without explaining how those principles apply in this case. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (declining to fashion theories and arguments for appellants). The ability to challenge Rule 736 foreclosure by filing a separate action—which the Wilders have now done twice—gives the "opportunity to be heard at a meaningful time and in a meaningful manner" needed to provide the requisite due process. *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 390 (5th Cir. 2017) (internal quotation marks and citation omitted).

We reject the Wilders' challenge to the declaratory judgment, which again was based primarily on their meritless jurisdictional contentions. The Wilders fail to identify any ground for denying a request for declaratory judgment, raised in a counterclaim, and seeking to allow foreclosure. *See* 28 U.S.C. § 2201(a); *Travelers Ins. Co. v. La. Farm Bur. Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993); *cf. Doody v. Ameriquest Mortg. Co.*, 242 F.3d 286, 288 (5th Cir. 2001) (certifying a question to the Texas Supreme Court); *Doody v. Ameriquest Mortg. Co.*, 263 F.3d 435 (5th Cir. 2001) (ordering judgment for

lender following answer to certified question); *cf. also AG Acceptance Corp. v. Veigel*, 564 F.3d 695, 697 (5th Cir. 2009) (affirming declaratory judgment for creditor). Moreover, the Wilders completely fail to contest the foreclosure issue at the heart of the Counterclaim, and Caliber amply demonstrated that there were no genuinely contested disputes of material fact and that it was entitled to summary judgment allowing foreclosure under the applicable state substantive law. *See* FED. R. CIV. P. 56(a), (b).

The Wilders have alleged that one of their pleadings "was tampered with, falsified, and . . . willfully and unlawfully concealed and redacted by someone in the District Court in violation of 18 U.S.C. 2071" and in "blatant disregard for criminal law." They assert that the magistrate judge and the district court are responsible for "this deliberate criminal act." The allegedly concealed text was part of a quotation that recited the standard for deciding a motion for summary judgment. It is evident that the text was merely highlighted—by the Wilders—in a manner that darkened when photocopied.

There is no plausible basis for accusing anyone of deliberately concealing this unremarkable legal exposition. The Wilders' irresponsible and inflammatory accusation is a contemptuous insult to the district court. We therefore warn the Wilders that future filings with disparaging, abusive, or contemptuous language will result in the imposition of monetary sanctions and limits on access to the federal courts. *See Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978) (dismissing appeal).

AFFIRMED.